IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN A. CARRERAS-PEREZ<br>Plaintiff<br>vs<br>KENNETH MCCLINTOCK, VANESSA VIERA, EDUARDO AROSEMENA, and EDUARDO BALLORI<br>Defendants | CIVIL 11-1343CCC |

**OPINION AND ORDER**

Plaintiff, Carmen A. Carreras-Pérez (Carreras), has brought this action under 42 U.S.C. § 1983 essentially claiming that she has been the victim of political discrimination. Named as defendants were four high-level officers of Puerto Rico's Department of State (State), who have all filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (**docket entry 30**), which remains unopposed.[1] Finding that said dismissal motion has merit, and for the reasons that follow, we now GRANT the same.

The pertinent facts, taken from the complaint as we must, follow. Plaintiff Carreras has worked for the government of Puerto Rico for the past 27 years. Until July 1, 2009, she held the position of Director of the Auxiliary Secretariat of Examining Boards at State. She is a registered voter affiliated to the New Progressive Party (NPP), and describes herself as being totally identified with the former governor of the Commonwealth under said party, Dr. Pedro Rosselló-Gonzalez (Rosselló). The current governor of the Commonwealth, Luis Fortuño (Fortuño), also elected under the NPP, appointed defendant Kenneth McClintock (McClintock) as his Secretary of State. The other defendants are Vanessa Viera (Viera), the Undersecretary of State, Eduardo Ballori (Ballori), the Assistant Secretary of State in charge

---

[1]Plaintiff requested (docket entry 31), and was granted (docket entry 32), an extension of time to respond to the dismissal motion. A subsequent request for a second extension (docket entry 34) was denied, and the motion was then placed under advisement (docket entry 37).

CIVIL 11-1343CCC                                    2

of Examining Boards, and Eduardo Arosemena (Arosemena), the Assistant Secretary of State in charge of Services. The four defendants are described as being affiliated and/or openly identified with the NPP and with Governor Fortuño.

Carreras states that in her 27 years in public service she has been consistently recognized for her work performance, having even won in 1999 the highest award that can be bestowed on a public employee, the Manuel A. Pérez Award. She was first appointed to the position of Director of the Examining Boards Division at State in 1998, originally a trust position but later reclassified in 2000 as a career position.

Carreras further alleges that, following Fortuño's election as Governor in November 2008, and his designation of defendant McClintock as the Secretary of State, a politically charged environment ensued at State and all the employees identified with former Governor Rosselló, including her, were discriminated against by defendants. She specifically claims that on June 26, 2009 she was notified by defendant Viera that she was being relieved of all the inherent duties of her position and transferred to the Commercial Transaction Registry Unit at State; that on July 1, 2009 defendant Arosemena met with her at her office and threatened to initiate disciplinary action if she did not move as ordered by Viera; that during said meeting defendant Ballori's secretary abruptly opened her office door stating that Ballori had ordered to keep the door opened, which caused her an anxiety attack that resulted in her being absent from work during the following five (5) months; and that once she returned to work on November 23, 2009, she was relocated to a small office at the Commercial Transaction Registry Unit, also used as a dead file and supplies' warehouse, where she was never given a job assignment. Carreras remained at that office until June 17, 2010, when the complete office was relocated to another across the hall, described as having a "rug totally dirty" and "a constant leak." These conditions allegedly caused plaintiff to be absent from work repeatedly due to asthma and a lung condition she developed. Carreras insists that she does nothing but report to the office, that her status is

CIVIL 11-1343CCC                                3

known by all defendants, and that although she has complained on numerous occasions and requested to be assigned functions to perform in accordance with her position, defendants have ignored her requests. She also avers that defendant Arosemena gave specific instructions to his subordinates that she should not be consulted on any matter having to do with her responsibilities and duties as Director of the Auxiliary Secretariat of Examining Boards at State. She insists that the deprivation of all her functions, duties, and responsibilities was exclusively motivated by political reasons due to her affiliation and support of former Governor Rosselló.

      Carreras' complaint seeks injunctive relief and damages against the four defendants, claiming that they deprived her of her constitutional rights to freedom of association, equal protection of the laws and due process under the First, Fifth and Fourteenth Amendments of the U.S. Constitution. She also asserted claims under the equivalent provisions of the Commonwealth's Constitution, as well as under Puerto Rico's Personnel Act and Article 1802 of its Civil Code. Defendants have moved for dismissal of all such claims, averring that the complaint fails to plead actionable claims, that the claims are time-barred, and that they are entitled to qualified immunity.

      It is by now axiomatic that in order to survive a motion to dismiss under the new pleading standards recently developed by the Supreme Court, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The court must identify and disregard statements in the complaint that merely offer "legal conclusion[s] couched as . . . fact " or "[t]hreadbare recitals of the elements of a cause of action." Id., at 1949-1950. "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." Ocasio-Hernández v. Fortuño-Burset,

CIVIL 11-1343CCC                          4

640 F.3d 1, 12 (1st Cir. 2011).  Only a complaint that states a plausible claim for relief survives a motion to dismiss.  Iqbal, 129 S.Ct. at 1950.  The Court of Appeals has further explained:

> To state an actionable claim of political discrimination, the plaintiff's complaint must plausibly allege that he is not of the defendants' political affiliation and that the defendants were aware of his affiliation. The complaint must also allege an adverse employment action and that political affiliation was a substantial or motivating factor for the adverse action. See Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 239 (1st Cir. 2010). 'Moreover, each defendant's role in the [adverse action] must be sufficiently alleged to make him or her a plausible defendant. After all, we must determine whether, as to each defendant, a plaintiff's pleadings are sufficient to state a claim on which relief can be granted.' Ocasio–Hernández, 640 F.3d at 16 (quoting Sánchez v. Pereira–Castillo, 590 F.3d 31, 48 (1st Cir. 2009)) (internal quotation marks omitted).

Rodríguez-Ramos v. Hernández-Gregorat, 685 F.3d 34, 40-41 (1st Cir. 2012) (emphasis in original).

In applying these principles to plaintiff's complaint, we note at the outset that its factual allegations are plainly insufficient to support a reasonable inference that the four defendants had knowledge or were even aware of Carreras' purported affiliation and loyalty to former Governor Rosselló.  In this regard, the complaint contains only the following allegation:

> 3. . . . Plaintiff [Carreras] is a registered voter who is affiliated to the [NPP], a political party that advocates statehood for Puerto Rico and which was in power between 1993 and 2000, totally identified with the former governor of the Commonwealth of Puerto Rico, Dr. [Rosselló]. Defendants are aware and identify plaintiff [Carreras] as a member and active supporter of the NPP and further a strong supporter [of] Dr. [Rosselló].[2]

No further description is made in any other allegation of particular behavior undertook by plaintiff in support of Rosselló, or of any conduct performed by her at any time which would show that she had an active and visible role on behalf of Rosselló, from which it would

---

[2] We note that all four defendants have also been identified as being affiliated to the NPP, although loyal to current Governor Fortuño.  When factions exist within a single political party, a political discrimination claim can be brought by a party member against other party members who belong to a different faction.  See Padilla–García v. Guillermo Rodríguez, 212 F.3d 69, 73–76 (1st Cir. 2000).

CIVIL 11-1343CCC                                    5

be plausible then to infer that defendants knew of her support for the former Governor. The bare, conclusory averment of knowledge made in ¶ 3 of the complaint, in the absence of other supplementary allegations from which knowledge could be inferred, is insufficient to establish the element of defendant's knowledge of plaintiff's political allegiance required in all political discrimination actions. Paragraph 3 is nothing more than a threadbare recital of one of the elements of such a cause of action, which we are obliged to ignore under <u>Iqbal</u>. Thus, upon considering the pleadings as a whole, and having disregarded ¶ 3 for being a conclusory statement that is not entitled to be assumed as true, we conclude that the complaint's allegations fail to plausibly show that any of the defendants were aware of plaintiff's political allegiance to Governor Rosselló at the time the events described in her complaint took place, which is an essential element of her political discrimination claim. This by itself, suffices to dismiss plaintiff's claim under the First Amendment.

Plaintiff's other federal claims fare no better. As to the Due Process claim, it is firmly established that a government actor violates an individual's procedural-due-process rights when it deprives that individual of property without affording adequate procedural protections. <u>Maymí v. Puerto Rico Ports Authority</u>, 515 F.3d 20, 29 (1st Cir. 2008). Carreras' allegations are that she was relieved from all the duties of her position as Director of the Auxiliary Secretariat of Examining Boards and transferred to the Commercial Transaction Registry Unit at State, where she has not been assigned any duties. She has not claimed, however, that she was terminated from her employment, or that her salary was reduced. The Court of Appeals aptly explicated the plausibility analysis applicable to such a claim in <u>Rojas-Velázquez v. Figueroa-Sancha</u>, 676 F.3d 206, 212 (1st Cir. 2012):

> Inasmuch as this is a procedural due process claim, it can succeed only if the [plaintiff] has plausibly alleged a constitutionally protected property interest in the functions of [her] job. <u>See Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 569–72, 92 S.Ct. 2701, 33 L.Ed. 2d 548 (1972). Determining whether the [plaintiff] had such an interest requires us to look to local law. <u>See Rosario-Torres v. Hernández-Colón</u>, 889 F.2d 314, 319 (1st Cir. 1989) (*en banc*) ('The sufficiency of a claim of entitlement to a property interest in public employment must be measured by, and decided with reference to, local

CIVIL 11-1343CCC                                    6

>law.'). On this point, Puerto Rico law is pellucid: a public employee may have a property interest in his continued employment, see Costa-Urena v. Segarra, 590 F.3d 18, 27 (1st Cir. 2009), but not in the particular functions of his job, see Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 7–8 (1st Cir. 2012); Ruiz-Casillas v. Camacho–Morales, 415 F.3d 127, 134 (1st Cir. 2005).

While Carreras has alleged in her complaint that she was stripped of all her job-related duties and transferred from one division of State to another, under Puerto Rico law she has no constitutionally protected property interest in the particular duties of a position. Given that the complaint is lacking allegations that she was terminated or that her compensation was diminished, she has failed to state a plausible due process claim also. Thus, plaintiff's claim under the Due Process Clause must also be dismissed.

With regard to Carreras' claim under the Equal Protection Clause, a review of the complaint shows that there are no allegations in support of such a claim separate from those attempting to configure a political discrimination claim. The Court of Appeals has repeatedly stressed that an equal protection claim alleging political discrimination is merely a restatement of a First Amendment political discrimination claim and must be considered under the First Amendment. Uphoff-Figueroa v. Alejandro, 597 F.3d 423, 430, n. 8 (1st Cir. 2010); Morales-Santiago v. Hernández-Pérez, 488 F.3d 465, 471 (1st Cir. 2007); Pagán v. Calderón, 448 F.3d 16, 36-37 (1st Cir. 2006); Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 134 (1st Cir. 2005); see also Néstor Colón Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992). Hence, plaintiff's claim under the Equal Protection Clause also flounders.

We need go no further. For the reasons stated above, defendants' Motion to Dismiss (**docket entry 30**) is GRANTED and all of Carrera's federal claims are hereby DISMISSED, with prejudice. Having dismissed all of plaintiff's federal claims against the defendants, the Court will not exercise supplemental jurisdiction over the claims brought under the Constitution and laws of Puerto Rico, which are also DISMISSED, but without prejudice.

CIVIL 11-1343CCC					7

Accordingly, judgment shall be entered DISMISSING all of plaintiff's federal claims with prejudice, and the supplemental claims without prejudice.

    SO ORDERED.

    At San Juan, Puerto Rico, on September 12, 2012.


                                    S/CARMEN CONSUELO CEREZO  
                                    United States District Judge